FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 6 2016

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRIS JENSEN,
an individual

      Plaintiff,

vs.                                       CASE NO: 4:16cv840-SWW

FRIS CHKN LLC
      Defendant.
_____/

## COMPLAINT

Plaintiff, Chris Jensen ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues FRIS CHKN LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Arkansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Arkansas.

3. Plaintiff, Chris Jensen (hereinafter referred to as "Jensen") is a resident of the State of Arkansas and is a qualified individual with a disability under the ADA. Jensen suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he has a T-10 spinal cord injury and requires a wheelchair for mobility. Prior to instituting the instant action,

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

Jensen visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA and the architectural barriers to access listed in Paragraph 11 of this Complaint, which Plaintiff personally encountered. Jensen continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, FRIS CHKN LLC, is a domestic limited liability company and is conducting business in the State of Arkansas. Upon information and belief, FRIS CHKN LLC (hereinafter referred to as "FRIS CHKN") is the owner, lessee and/or operator of the real property and improvements which are the subject of this action, specifically Church's Chicken, located at 4604 E. Broadway Street, North Little Rock, Arkansas (hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the Eastern District of Arkansas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12101(7) and 28 C.F.R. §36.104, the Restaurant owned and/or operated by FRIS CHKN is a place of public accommodation in that it is a Restaurant that is owned and operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned and/or operated by FRIS CHKN. Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA which are codified at 28 C.F.R. Part 36.

11. FRIS CHKN is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

(i) There is no accessible or van accessible parking;

(ii) There is no accessible route to the entry due to an existing curb that is not ramped;

(iii) The men's restroom entry door has knob-type hardware that requires tight grasping, pinching and twisting of the wrist to operate;

(iv) The flush valve on the water closet in the men's restroom is on the narrow side or closed side of the water closet area, out of reach to a wheelchair user;

(v) There is insufficient wheelchair maneuvering space at the water closet in the men's restroom;

(vi) The water closet in the men's restroom is positioned too far from the left side or permanent partition.

12. There may be other current barriers to access and violations of the ADA at the

3

Restaurant owned and operated by FRIS CHKN which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendant has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against FRIS CHKN and requests the following injunctive and declaratory relief:

    A. That the Court declares that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities

        for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this 8th day of November 2016.

        Respectfully submitted,

By: _____
Edward I. Zwilling, Esq.
Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:    (205) 822-2702
Email: ezwilling@szalaw.com